324 P.2d 764

Robert Ernest DEAN, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR COUNTY OF MARICOPA and the Honorable Charles C. Bernstein, One of the Judges Thereof, Respondent.

No. 6596.

Supreme Court of Arizona.

April 23, 1958.

Walter Linton, Charles N. Ronan and Nathan Holt, Phoenix, for petitioner.

Fennemore, Craig, Allen & McClennen, Philip E. von Ammon and John J. O'Connor III, Phoenix, for respondent.

Snell & Wilmer, James H. O'Connor, Stockton & Karam, Jennings, Strouss, Salmon & Trask and Nicholas Udall, Moore & Romley, and John H. Killingsworth, Phoenix, amici curiæ.

JOHNSON, Justice.

The petitioner, Robert Ernest Dean, seeks a writ of prohibition to restrain the respondent court and the Honorable Charles C. Bernstein, one of the judges thereof, from enforcing an order for inspection under Rule 34, Rules of Civil Procedure, 16 A.R.S. The order was made in an action in which Charles B. Buck, a minor, seeks to recover damages from the petitioner for injuries sustained in an automobile accident while a guest in petitioner's automobile.

After a hearing on the motion the respondent court issued the following order requiring the petitioner to produce for inspection and copying all of the following documents:

"1. All written statements in the possession, custody or control of the defendant from every person who was or claims to have been a witness with respect to any matters material to the issues raised by the pleadings in this cause.

"2. All memoranda in the possession, custody or control of the defendant purporting to set forth the substance of any oral statements of every person who was or claims to have been a witness with respect to any matters material to the issues raised by the pleadings in this cause.

"3. Medical reports, X-rays, hospital records or other documents in the possession, custody or control of the defendant relating to the injuries to or

physical condition of the plaintiff Charles B. Buck.

"4. All other documents, letters, photographs, maps, drawings or sketches in the possession, custody or control of the defendant material to the issues raised by the pleadings in this cause."

After oral argument we issued the alternative writ of prohibition restraining the respondent court from further proceedings.

Rule 34 requires the movant to show good cause for ordering the production of documents. In order to comply with Rule 34 plaintiff's counsel submitted an affidavit wherein he stated:

"That as alleged in the complaint of said cause, the plaintiff was injured while riding as a passenger in an automobile driven by defendant; that he was at the time of the accident on active duty in the United States Navy and absent on leave from his regular duty station; that immediately following the accident he was hospitalized in a United States Air Force Base Hospital and from there transferred to a naval hospital out of the state of Arizona; that by virtue of the disabling injuries, the immediate hospitalization and the fact that he was a stranger in the state of Arizona, and particularly at the place where the accident occurred, he has been unable to make an adequate investigation of the accident or to obtain information and statements from such persons as may have knowledge of the facts surrounding the accident; that in view of the facts and circumstances hereinabove set forth, plaintiff cannot safely proceed to the trial of this action without having an opportunity to inspect and copy such statements, memoranda of oral statements and other documents as may be in the possession, custody or control of the defendant relative to the issues raised by the pleadings in this cause. This affidavit is made upon information and belief."

The order of the trial court to produce certain documents for inspection and copy presents for our consideration a construction of Rule 34 in many of its aspects. Prior to Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, according to Moore's Federal Practice, Vol. 4, 2d Ed., § 26.23(4), the federal courts in more than sixty cases considered the scope of discovery under the Federal Rules. Since then there have been innumerable decisions in both state and federal courts. The amici curiae urge, in the interest of the administration of justice and for the purpose of giving guidance to the legal profession and the bench of our state, that we fully consider and construe the various aspects involved in the order to produce pursuant to Rule 34.

### Writ of Prohibition

It is well settled that prohibition lies to prevent an inferior court from acting without or in excess of jurisdiction, where wrong, damage and injustice are likely to follow and there is no plain, speedy and adequate remedy available. The order issued by the respondent requiring the petitioner to produce documents for inspection and copying did not comply with Rule 34, as respondent acted in excess of its jurisdiction and abused its discretion for the following reasons: (1) improper designation of the documents sought; (2) no showing of good cause; and (3) no showing that the items sought are relevant.

The trial court's order for inspection is not appealable and prohibition is therefore the proper remedy. McCoy v. District Court of Larimer County, 126 Colo. 32, 246 P.2d 619; Holm v. Superior Court, 42 Cal.2d 500, 267 P.2d 1025, 268 P.2d 722; Union Oil Co. of California v. Superior Court, 151 Cal.App.2d 286, 311 P.2d 640.

### Items Sought for Discovery and Inspection Must Be Designated

Rule 34, Rules of Civil Procedure, follows the Federal Rules of Civil Procedure, rule 34, 28 U.S.C.A. and specifically states that the items sought for discovery and inspection under this Rule must be designated.

It is an essential element of a motion to produce documents that those documents be designated with some reasonable degree of particularity and with such a description that will apprise a man of ordinary intelligence of the document desired. The moving party is required to be sufficiently specific in designating the documents desired that a trial court, in granting the motion to produce and the party against whom the order is directed, will be able to ascertain when the order has been fulfilled. Callen v. Pennsylvania R. Co., D.C.Pa.1946, 5 F.R.D. 83, and United States v. American Optical Co., D.C.N.Y. 1942, 2 F.R.D. 534.

Where the movant is unable to specifically designate the matters sought we think the Rules provide a method for the movant to obtain the necessary information, as stated in Barron & Holtzoff, Federal Practice and Procedure, Vol. 2, p. 518:

"If movant does not have sufficient information to designate or describe documents desired or to allege that they are in the control of an adversary, he may take depositions under Rule 26 or proceed by interrogatories under Rule 33 to acquire the necessary information as to the existence, description, custody and location of such documents in order that he can properly designate them. * * *"

A blanket request for all written statements, all memoranda and all other

documents, is not sufficient because it lacks specificity and is too sweeping and undetailed to comply with requirements as to designation. No court could determine from such a blanket request the question of privilege or relevancy of the matters sought for discovery. The better practice is, as above suggested, for the plaintiff to ascertain, by oral or written examination, the identity of the papers he seeks and then show good cause for the production of these specified documents.

■ We recognize that situations may exist where the records are voluminous and it may be impossible to specifically designate each document sought for discovery, and in such instances the trial court, in the exercise of its discretion, could properly treat designation by categories as sufficient, so long as the category itself is sufficiently defined. United States v. United Shoe Machinery Corp., D.C.Mass. 1948, 76 F.Supp. 315; United States v. United States Alkali Export Ass'n, D.C. N.Y.1946, 7 F.R.D. 256; Levin v. Birrell, D.C., 13 F.R.D. 341.

## Statements of Witnesses

■ Petitioner was ordered to produce all written statements obtained from witnesses material to the issues raised by the pleadings. Petitioner urges that statements of witnesses obtained by the attorney in anticipation of litigation or in preparation for trial are the work product of the attorney and are immune from discovery. We do not agree with this contention. We are of the opinion that a liberal construction of Rule 34 requires all statements of witnesses, whether obtained by the attorney or any other person, be produced for inspection and copy upon a showing of good cause as hereinafter defined. In the Hickman case, supra, the court considered the narrow question of statements of witnesses obtained by an attorney, and determined such statements were not immune from discovery as the work product of the attorney, and were not within the common law attorney-client privilege.

In Alltmont v. United States, 3 Cir., 177 F.2d 971, 976, the court dealt with the broader question of all statements of prospective witnesses which a party has obtained for his trial use and stated:

"* * * For since, as the Court held [In the Hickman case], statements of prospective witnesses obtained by a lawyer are not protected by the historic privilege inherent in the lawyer-client relationship and are only protected against disclosure if the adverse party cannot show good cause for their production, we can see no logical basis for making any distinction between statements of witnesses secured by a party's trial counsel personally in preparation for trial and those obtained by others for the use of the party's trial counsel. In each case the statements

are obtained in preparation for litigation and ultimately find their way into trial counsel's files for his use in representing his client at the trial. The adverse party could certainly have no greater or different need for copies of the statements in the one case than in the other. In each case he has had the same opportunity through interrogatories to learn all the pertinent facts which his opponent has gleaned from the witnesses as well as the names and addresses of those witnesses so that he himself may interview them or secure their depositions if he wishes.

"Certainly no valid distinction can be based on the fact that in the one case trial counsel does all the work of preparation for trial, including the interviewing of witnesses, while in the other case he is assisted by others employed by him or by his client. Indeed to make such a distinction would discriminate in favor of the party whose lawyer himself does all the work of preparation for trial and against the one whose counsel delegates part of that task to others. In either situation, the rationale of the opinion of the Supreme Court in the Hickman case requires that the same showing of good cause for the production of such statements of witnesses should be made by the adverse party seeking copies of them. This necessarily means that their production is to be had under Civil Procedure Rule 34 (or Admiralty Rule 32) upon a showing of good cause rather than as a matter of right under Civil Procedure Rule 33 (or Admiralty Rule 31)."

■ We agree with the rationale of the Hickman and Alltmont cases, with respect to the findings of these courts, that statements of prospective witnesses, whether obtained by counsel in preparation for trial or by other persons, should be disclosed upon a showing of good cause as defined herein. In construing this precise point we do not in any manner mean to infer that the work product of the attorney prepared in anticipation of litigation which concerns memoranda, briefs and writings prepared by counsel for his own use, as well as related writings which reflect an attorney's mental impressions, conclusions, opinions or legal theories, are subject to discovery upon a showing of good cause. It is immaterial whether the immunity granted against invading the privacy of an attorney's course of preparation for trial is based upon privilege or public policy as we think the need for immunity is so well recognized that it is essential to an orderly working of our system of legal procedure.

■ The order in question requires the production of all memoranda in the possession, custody or control of the petitioner

purporting to set forth the substance of any oral statements. We think such a requirement to produce a memoranda of the substance of an oral statement obtained from a prospective witness is fraught with an inherently dangerous practice which must by its very nature lead to inaccuracies, resulting in confusion and misinterpretation rather than to a presentment of the truth. The result would be the same whether the substance of oral statements were those of the attorney or another acting for him. A memoranda of the substance of oral statements should not be required under the Rule as we thoroughly agree with the analysis of the court in the Hickman case [329 U.S. 495, 67 S.Ct. 396]:

"The real purpose and the probable effect of the practice ordered by the district court would be to put trials on a level even lower than a 'battle of wits.' I can conceive of no practice more demoralizing to the Bar than to require a lawyer to write out and deliver to his adversary an account of what witnesses have told him. Even if his recollection were perfect, the statement would be his language, permeated with his inferences. Every one who has tried it knows that it is almost impossible so fairly to record the expressions and emphasis of a witness that when he testifies in the environment of the court and under the influence of the leading question there will not be departures in some respects. Whenever the testimony of the witness would differ from the 'exact' statement the lawyer had delivered, the lawyer's statement would be whipped out to impeach the witness. Counsel producing his adversary's 'inexact' statement could lose nothing by saying, 'Here is a contradiction, gentlemen of the jury. I do not know whether it is my adversary or his witness who is not telling the truth, but one is not.' Of course, if this practice were adopted, that scene would be repeated over and over again. The lawyer who delivers such statements often would find himself branded a deceiver afraid to take the stand to support his own version of the witness's conversation with him, or else he will have to go on the stand to defend his own credibility—perhaps against that of his chief witness, or possibly even his client.

"Every lawyer dislikes to take the witness stand and will do so only for grave reasons. This is partly because it is not his role; he is almost invariably a poor witness. But he steps out of professional character to do it. He regrets it; the profession discourages it. But the practice advocated here is one which would force him to be a witness, not as to what he has seen or done but as to other witnesses' stories,

and not because he wants to do so but in self-defense.

"And what is the lawyer to do who has interviewed one whom he believes to be a biased, lying or hostile witness to get his unfavorable statements and know what to meet? He must record and deliver such statements even though he would not vouch for the credibility of the witness by calling him. Perhaps the other side would not want to call him either, but the attorney is open to the charge of suppressing evidence at the trial if he fails to call such a hostile witness even though he never regarded him as reliable or truthful."

### Good Cause

What constitutes good cause as required by Rule 34 presents a difficult question. All courts agree that the discovery provision of the Rules should be liberally construed but differ in their views when applying the Rule.

■ In De Bruce v. Pennsylvania R. Co., D.C., 6 F.R.D. 403, the court held the practice of obtaining copies of statements of witnesses in answer to interrogatories, without an extrinsic showing of good cause or of prejudice arising from denying the disclosure, had not been outlawed by the supreme court decision in the Hickman case. The United States Court of Appeals in the Alltmont case rejected this view and applied the rationale of the Hickman case requiring the same showing of good cause for the production of all statements of prospective witnesses. We think the better view is that if the witnesses themselves are available to the party and can be interrogated or examined by him, there will ordinarily be no occasion for ordering production of their statements. Hence, a showing will usually be required that the witnesses are no longer available, or that the witnesses, even though they can be located, are hostile and will not furnish information to the party, or that for some other reason the information sought cannot be obtained elsewhere in spite of diligent effort. Where the moving party has obtained statements of prospective witnesses, discovery should not be denied as to the production of statements of the same witnesses obtained by the adversary when good cause is shown that the same are sought to impeach or determine the credibility of the witnesses.

■ We are also of the opinion that designated documents, papers, books, accounts, letters, photographs, objects or tangible things, not privileged, which constitute or contain evidence relating to any matters within the scope of the examination permitted by Rule 26(b) which are in the possession, custody, or control of a party, should be produced for inspection and copying or photographing upon a showing that

the matters sought for discovery are not available to the movant upon the exercise of diligent effort.

■ In situations, as in this case, where a party is hospitalized immediately after the accident, or for any valid or excusable cause is unable to obtain photographs of the vehicles involved in the accident or of the scene of the accident portraying the conditions at the time of the occurrence, then such a showing would constitute good cause; however, the motion failed to designate the specific photograph sought.

## Relevance of Documents or Tangible Things

Rule 34 requires that documents or things, to be subject to discovery, must be relevant. It has been generally recognized from the inception of the Federal Rules of Civil Procedure that it is sufficient to show that it is reasonably probable that the documents or tangible things sought to be examined constitute or contain material evidence. In the first case on this point, Beler v. Savarona Ship Corp., D.C., 26 F. Supp. 599, the court said:

" * * * The requirement of materiality does not, however, compel the person seeking discovery definitely to prove materiality before being entitled to a discovery. Such an interpretation of the rule would place upon it a narrow construction which would severely limit the bounds of the discovery pro-

cedure. It might compel a party to know what was in the documents before he had seen them. One of the basic purposes of the new Rules is to enable a full disclosure of the facts so that justice might not move blindly."

■ The showing of relevancy is not as strict as that which governs admissibility of evidence. We are of the opinion that a general allegation as to the materiality and relevancy of the documents and things sought for discovery is sufficient. Where the responding party questions the materiality or relevancy of the items sought the court may require the same to be submitted to it for determination before being turned over to the moving party.

■ We are of the further opinion that the scope of discovery allowed under Rule 34 is measured by Rule 26(b), which allows discovery of matters relevant to the subject matter of the action or discovery of matter which is reasonably calculated to lead to the discovery of admissible evidence.

## Conclusion

■ After an examination of the numerous cases under this rule it is clear that the right of the moving party is not absolute but is dependent on the existence of certain conditions, and the plaintiff must make a showing that (1) there is "good cause" for the production and inspection of the desired material; (2) the material re-

quested must be "designated" with reasonable definiteness and particularity; (3) the material must not be privileged; (4) the material must constitute or contain evidence relating to matters within the scope of the examination permitted by Rule 26 (b), that is, it must be "relevant to the subject matter involved in the pending action"; and (5) the material must be within the possession, custody and control of the party upon whom the demand it made.

We conclude, for the reasons which we have stated, that the trial court exceeded its jurisdiction in entering the order to produce documents and things pursuant to Rule 34, on the motion of plaintiff and the affidavit filed in support thereof, in the following respects: (1) the motion failed to designate the written statements of witnesses, and no showing was made that the witnesses are no longer available or cannot be located or are hostile and will not furnish information or any reason that the information sought cannot be obtained elsewhere upon diligent effort; (2) any memoranda in the possession, custody or control of the defendant purporting to set forth the substance of any oral statement of a witness is immune from discovery; (3) the portion of the order requiring the production of medical reports, X-rays, hospital records or other documents, does not adequately designate the documents and things ordered to be produced and is not predicated upon a showing that the same

are not available to the movant upon the exercise of diligent effort; and (4) the order is broad and sweeping in scope and fails to exclude privileged and irrelevant matters to the extent it is incapable of enforcement due to its generality.

It is therefore ordered that alternative writ be made permanent.

UDALL, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.