Joseph E. ROSENFELD, Irma T. Rosen-
feld, Robert T. Rosenfeld and Don-
ald T. Rosenfeld, Plaintiffs,

v.

Leo M. UNGAR, Defendant.

Civ. No. 2-357.

United States District Court
S. D. Iowa, W. D.

June 1, 1960.

B. A. Webster, Jr., Loyal E. Keir, Des Moines, Iowa, for plaintiffs.

Addison C. Kistle, Council Bluffs, Iowa, for defendant.

VAN PELT, District Judge.

This matter is before the Court on plaintiffs' amended and substituted appli-

cation for production of documents. The plaintiffs, invoking Rule 34 of the Federal Rules of Civil Procedure, 28 U.S. C.A., move the Court to require the defendant, Leo M. Ungar, and in the alternative Raymond A. Smith, to produce for inspection and copying or photographing by the plaintiffs the last will and testament of the defendant as it existed immediately before September 21, 1940 and all other wills and codicils and unexecuted drafts of wills made by the defendant since September 21, 1940 to the date of the commencement of this action, specifically August 5, 1959. Further, plaintiffs seek production of all executed copies or office file copies of any wills and codicils of defendant which may be in the possession and custody of Raymond A. Smith, an attorney at law of Council Bluffs, Iowa, and defendant's attorneys, Addison C. Kistle or Harry B. Cohen.

■ The complaint in this action alleges the consummation of a partially written and partially oral agreement between plaintiffs and defendant on September 21, 1940 wherein certain certificates of stock were transferred to defendant for voting purposes only, and, it is alleged, to protect plaintiffs' rights in future dividends, defendant among other things orally agreed to provide by will for the return of plaintiffs' stock to them in the event of defendant's death. The basis for this action lies with the redemption of this stock in 1956 wherein defendant, it is alleged, declined to recognize the stock endorsed to him by plaintiffs as stock belonging to plaintiffs, and refused to distribute any proceeds to plaintiffs. Defendant, in his answer, alleges that he purchased the stock in question and not merely the voting rights therein, and alleges that plaintiffs have no present interest therein. Defendant denies the making of any oral agreement to provide for and protect plaintiffs in his will.

Plaintiffs, in their application, allege as "good cause" for the production and inspection of said documents that "such documents may tend to show partial performance by the defendant of the oral contract and representations act forth in the plaintiffs' complaint herein." Plaintiffs further allege as good cause that the documents may corroborate the testimony of the plaintiffs, as contained in their depositions on file, and impeach the testimony of the defendant in his deposition where he testified that he did not promise to make such a will in favor of the plaintiffs, or any of them, and did not in fact make any such will or wills.

Defendant resists the application, contending that "good cause" is not shown by the application because the evidence sought lacks probative value, and further contends that the documents sought are privileged. Finally, defendant contends that plaintiffs' proceeding by way of Rule 34 does not entitle plaintiffs to production of documents by Raymond A. Smith, who is neither a party nor an attorney to this action.

This Court must reject the contention by defendant that the evidence sought lacks probative value. Should the will of defendant just prior to September 21, 1940 reveal no provisions for plaintiffs, and should the will or wills immediately thereafter reveal the contrary, that is, provisions for plaintiffs with regard to this stock, such evidence is unquestionably of some probative value to the plaintiffs' case.

■ The question of privilege presents a less easy problem. Contrary to the contentions of the plaintiffs, this Court finds in accord with the contentions of defendant that defendant's will and all previous wills, codicils, and drafts of such are privileged matter. Wigmore, Evidence § 2314 (3rd Ed., 1940). However, there remains the question of whether the defendant has waived the right to invoke his privilege. In the transcript of the testimony of the defendant taken by deposition, it is shown that the defendant answered certain

questions as to the contents of his present and past wills, and in response to the question, "Have you at anytime, ever since September 21, 1940, made any provision for any of the plaintiffs under your will with respect to the stock in the Continental Companies, that constituted a part of the transaction in September of 1940?", answered, "No." Defendant's attorney was present at the taking of this deposition, but made no objection to this line of questioning and testimony. Plaintiffs now contend that defendant has waived his right to invoke the attorney-client privilege by testifying to the provisions of his present and past wills. This Court agrees.

■ The attorney-client privilege may be waived by oral disclosures either on deposition or interrogatory prior to trial. Knaust Bros. v. Goldschlag, D.C.S.D.N.Y. 1939, 34 F.Supp. 87. And this waiver acts so as to waive any privilege that might be invoked with regard to the production of documents which contain the communications waived. Munzer v. Swedish American Line, D.C.S.D.N.Y. 1940, 35 F.Supp. 493. See also Wild v. Payson, D.C.S.D.N.Y.1946, 7 F.R.D. 495, 500. Defendant here cannot state in testimony before trial the contents of his wills and state further that he made no provision as contended by plaintiffs in their complaint, and then invoke the attorney-client privilege to protect against the production of these wills. Defendant may well have invoked the privilege at the taking of his deposition when he was questioned concerning the contents of his will. He, or his attorney, were not under the dilemma incurred by a party under cross-examination during trial when the interjection of an objection might prove prejudicial.

■ The application for production of documents shall be granted except those in the possession or custody of Raymond A. Smith. He is not a party to this action. Plaintiffs must proceed as to Mr. Smith under Rules 26 and 45 of the Federal Rules of Civil Procedure.

Plaintiffs' counsel shall prepare an appropriate order, first submitting it to counsel for defendant for correction as to form only. If there are in the opinion of counsel provisions in any of these wills which do not concern the issues of and testimony previously given in this case and which because of their inherent nature could lead to embarrassment of persons not parties to this case, counsel can submit the documents to the Court in camera and a ruling can be had on this feature. In order to save the time of Judge Stephenson, even though he will eventually preside at the trial of this case, counsel will be requested to submit the wills in camera to this Judge if such an examination is deemed necessary.