The SEVEN-UP COMPANY, a corporation, Plaintiff,

v.

The GET UP CORPORATION, a corporation, Defendant.

Civ. A. No. 35751.

United States District Court
N. D. Ohio, E. D.

Jan. 31, 1962.

Supplemental Opinion Feb. 2, 1962.

Albert R. Teare, Teare, Fetzer & Teare, Cleveland, Ohio, Lewis Garner, Woodson, Pattishall & Garner, Chicago, Ill., for plaintiff.

Sheldon B. Guren, Gottfried, Ginsberg, Guren & Merritt, Cleveland, Ohio, Robert Bonynge, Nims, Martin, Halliday, Whitman & Bonynge, New York City, for defendant.

KALBFLEISCH, District Judge.

This is an action for trademark infringement and unfair competition, and in connection therewith defendant has filed interrogatories under F.R.Civ.P. Rule 33, 28 U.S.C.A. Plaintiff answered certain interrogatories and has objected to Nos. 6 (in part), 8–12, inclusive, 14, 15, 17, 19–25, inclusive, 27, 30 and 31 on the ground that they call for "the work product and preparations of plaintiff's attorneys for the trial of this action." Plaintiff also objects to interrogatories Nos. 14, 21, 27, 31(g), (n), (q), (r) and 31(aa) on the ground that they "improperly call for the production of documentary material."

Interrogatories Nos. 1–29, inclusive, relate to interviews which plaintiff, in answer to interrogatory No. 1, states were conducted by an employee of plaintiff's retained counsel, under counsel's supervision, among members of the public in Cincinnati and vicinity with respect to possible confusion between the trademarks "Seven-Up" and "Get Up." The interrogatories seek detailed information such as the instructions given the interviewer, the questions asked, answers given, the manner of selection and materials shown the persons interviewed, their names and addresses, and the total number of interviews conducted. In some instances, the challenged interrogatories call for production of statements, notes, memoranda, records and other material pertaining to the interviews.

Interrogatory No. 30, inquiring as to whether plaintiff or any of its representatives, agents or lawyers engaged the services of any person to conduct interviews among members of the public at sites other than Cincinnati, is objected to although it appears to be parallel to No. 1 which plaintiff answered.

Interrogatory No. 31, to be answered in the event of an affirmative response to No. 30, consists of thirty-three subsections which call for substantially the same type of information as requested in the first twenty-nine interrogatories.

■ Plaintiff's responses to interrogatories Nos. 1, 4, 5 and part of 6 clearly indicate that the information requested in all of these interrogatories was prepared and compiled by plaintiff's counsel or its employee. However, discovery procedures under Rules 33 and 34 may be employed only as to parties to an action. That these rules may not be used to obtain information directly from a party's counsel was made clear in Hickman v. Taylor, 329 U.S. 495, at page 504, 67 S.Ct. 385, at page 390, 91 L.Ed. 451, where the Court stated:

> "He [the plaintiff] did not, and could not under Rule 33, address such interrogatories to their counsel, Fortenbaugh. * * * And it does not appear from the record that petitioner filed a motion under Rule 34 for a court order directing the production of the documents in question. Indeed, such an order could not have been entered as to Fortenbaugh since Rule 34, like Rule 33, is limited to parties to the proceeding, thereby excluding their counsel or agents."

However, as plaintiff and its counsel have not raised any such procedural issue and as the parties have submitted extensive briefs on discovery proceedings in relation to the work product of a lawyer, it may be assumed that they will have no objection to treating this opinion as indicating the Court's views on the production of the material and information requested whether it be in the actual possession and control of counsel or its employees or in the possession and control of the plaintiff.

■ Hickman v. Taylor, supra, is the leading case on the limitations on discovery proceedings as to attorneys at law. In that case, appellants were a lawyer and his clients. The clients were defendants in a personal injury action, who had been served with interrogatories

under Rule 33. Certain interrogatories requested information as to whether the defendants or their representatives had taken statements of witnesses and asked for production thereof, including notes if the statements had been given orally. Statements had been taken by defendants' counsel and, upon the combined refusal of defendants and their lawyer to produce the material requested, the District Court had found them guilty of criminal contempt. The Third Circuit Court of Appeals, 153 F.2d 212, reversed and its judgment was affirmed by the Supreme Court. That Court held that information obtained by an attorney "from a witness while acting for his client in anticipation of litigation" was not privileged, Id., 329 U.S. 508, 67 S.Ct. 392, nor was it immune from discovery proceedings under all circumstances. Id. 511, 67 S.Ct. 393. Discovery of materials described as "the 'work product of the lawyer.'" Id. 511, 67 S.Ct. 393, may be obtained but only in "a rare situation," Id. 513, 67 S.Ct. 394, by establishing "adequate reasons to justify production." Id. 512, 67 S.Ct. 394. The Court stated, at page 511, 67 S.Ct. 394:

> "We do not mean to say that all written materials obtained or prepared by adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation one's case, discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. And production might be justified where the witnesses are no longer available or can be reached only with difficulty."

In considering the propriety of these interrogatories, it must be noted that plaintiff's counsel and its employee, Kelly, are not simply conducting the usual search for expert witnesses or for persons having knowledge of objective facts concerning a particular event or transaction. Rather, they are seeking out and selecting various persons at random and attempting to determine their subjective views, notions, beliefs and opinions with respect to products and trade names thereby "to locate actual instances of purchaser confusion." (Plaintiff's Brief, November 29, 1961, pp. 1, 2.) Under such circumstances, it is apparent that the manner of selection of the prospective witnesses or interviewees and the facts and circumstances surrounding the initial approach to such persons are facts which, in themselves, are relevant and material in determining whether any coercion or suggestion, however subtle or unintentional, on the part of the interviewer, may have influenced the witnesses' responses. Cross-examination of the persons interviewed might be insufficient to insure complete disclosure of such influences because the witness himself could well be unaware, or unwilling to admit, that his answers were influenced by anything which the interviewer said or did. The defendant also may wish to protect itself in case the plaintiff should seek to offer, at trial, the results of the interviews in the form of sampling or survey evidence by an expert. Here, too, much of the information sought by the defendant could be relevant in determining the admissibility of and the weight to be given such evidence. See Kiernan, Observations on the Problem of Cross Examination in Antitrust Cases, 18 A.B.A. Antitrust Section Report, 71–77, inc., (1961).

Upon consideration of the nature of this litigation, the scope of these discovery proceedings and of the applicable legal principles, this Court is of the opinion that good cause exists for requiring plaintiff, plaintiff's counsel, or counsel's

employees to furnish the material and information requested which relates to the manner of selection, times and places of interview, questions asked, statements made, and things shown to the interviewees and prospective witnesses, as well as notes and records presently in existence pertaining to such matters. At this point, however, there does not appear to be sufficient necessity or justification for requiring the production or disclosure of counsel's instructions and communications to its employees conducting the interviews.

The material to be produced or disclosed is not considered to be the work product of a lawyer, described in Hickman v. Taylor, supra, 329 U.S. at page 510, 67 S.Ct. at page 393, as "written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties." However, even if it be so considered, this Court is of the opinion that defendant has established good cause to justify the production under a subpoena or court order.

Accordingly, plaintiff's objections to the following interrogatories will be sustained: Nos. 6 (second and third sentences), 8, 12 (except that the names and addresses of all persons interviewed should be furnished), 17 (second and third sentences), 19, 31(f) (second and third sentences), (h)(1) (except that the names and addresses of all persons interviewed should be furnished), (q) (second and third sentences), (s), and (bb).

Plaintiff's objections to the following interrogatories will be overruled: Nos. 14 (except that instructions or communications from counsel to the interviewer need not be produced), 15, 17 (first sentence), 20, 21, 22, 23, 24, 25, 27 (except that instructions or communications from counsel to interviewer need not be produced), 30, 31(a), (b), (c), (d), (e), (f) (first sentence), (g) (except that instructions or communications from counsel to the interviewer need not

be produced), (i), (j), (k), (m), (n) (except that instructions or communications from counsel to the interviewer need not be produced, (o), (p), (q) (first sentence), (r) (except that instructions or communications from counsel to the interviewer need not be produced), (t), (u), (v), (w), (x), (y), (z), (aa) (except that instructions or communications from counsel to the interviewer need not be produced), and (cc).

## SUPPLEMENTAL MEMORANDUM ON PLAINTIFF'S OBJECTIONS TO DEFENDANT'S INTERROGATORIES

In its memorandum filed January 31, 1962, the Court inadvertently omitted indicating its disposition of the objections to interrogatories Nos. 9, 10 and 11.

For the reasons stated in that memorandum, plaintiff's objections to interrogatories Nos. 9, 10 and 11 will be overruled.