Edward HANSON, Plaintiff,

v.

GARTLAND STEAMSHIP COMPANY,
Defendant and Third-Party
Plaintiff,

v.

SHERWIN–WILLIAMS COMPANY,
Third-Party Defendant.

Civ. No. C 63–356.

United States District Court
N. D. Ohio, E. D.

Feb. 14, 1964.

Lawrence S. Levy, Cleveland, Ohio, for plaintiff.

John D. Kelleher, of McCreary, Hinslea & Ray, and Harley J. McNeal, Cleveland, Ohio, for defendant.

CONNELL, Chief Judge.

The plaintiff has moved for production of certain statements of witnesses which were taken by the attorney of defendant Gartland Steamship Company. The witnesses to the alleged accident in suit, Claude A. Goodberry, Alfred Auspsetter, Francis Surwilla, and Homer Buck, are all seamen. Plaintiff's counsel has been unable to depose or interview personally any of the four, although he has contacted Goodberry and Auspsetter via long distance telephone. The other two, Surwilla and Buck, cannot be found at the addresses furnished by the defendant in response to plaintiff's interrogatories. The veracity of the defendant is not in question; the absence of these two merely emphasized the difficulty of locating seamen. During the shipping season they are only mobile; in the off-season they are often nomadic. Buck has moved from his local address without leaving a forwarding address, while Surwilla has disappeared from his Pennsylvania residence without a clue as to when he might return.

The defendant resists this motion on several grounds: that these statements represent the work product of its attorney, and include his personal observations made with a view toward trial, and as such are protected from discovery absent a showing of emergency; that the statements sought are not, nor were they ever, in the possession of the defendant; and, finally, that the plaintiff did not press his quest for evidence with due diligence.

██ Defendant phrases his first objection with a view toward the distinction drawn by this Court's *per curiam* opinion in Scourtes v. Fred W. Albrecht Grocery Co., 6 Cir., 15 F.R.D. 55, 58 (1953):

"The written statement of a witness * * * is not properly considered the 'work product' of an attorney. It records the mental impressions and observations of the witness himself and not those of the attorney. On the other hand, counsel's recordation of the oral statement of a witness is normally a part of his 'work product', for it will include his analysis and impression of what the witness has told him."

Thus the nature and origin of the document may determine the standard of exigency which the discoverer must es-

tablish. It is clear that even the work product is not inviolate, but the curtain of privacy may be parted only after showing necessitous circumstances more compelling than the traditional requirement of "good cause" under Rule 34. In Hickman v. Taylor, 329 U.S. 495, 510, 67 S.Ct. 385, 393, 91 L.Ed. 451, the Supreme Court spoke of "necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties." Even the zealous defender of the adversary system, Mr. Justice Jackson, recognized in his concurring opinion that "impossibility or difficulty of access to the witness * * * would show that the interests of justice require that such statements be made available." 329 U.S. 495, 519, 67 S.Ct. 385, 397, 91 L.Ed. 451. In Scourtes, this Court declared its willingness to order production in "rare situations, where relevant facts are unobtainable by other means, or are obtainable only under such conditions of hardship * * *." 15 F.R.D. 55, 59.[1]

■ Since the defendant's description of these statements classifies them as "work product", the Court will so treat them and apply the available facts to the standard outlined by the cited authorities. Plaintiff received defendant's answers to interrogatories on January 15, 1964, little more than a month before the expected trial date. Since that time, plaintiff has been unable to find, much less contact, two of the witnesses named and located in defendant's responses. We do not require that plaintiff postpone the date of trial, particularly when, as in maritime cases, delay may cause a year's wait, and then institute a cross-country search for wandering witnesses.

Consequently, the statements of Buck and Surwilla are compellable, for this case clearly presents one of those rare situations where difficulty of access to witnesses requires that the files of an attorney be partially opened to his adversary. The statements of Goodberry and Auspsetter are not in the same category. Of course, plaintiff has no interest in how Defendant's attorney evaluated any statements. If plaintiff's counsel was able to speak by telephone to these two, it follows that he is aware of their whereabouts and has had opportunity to determine whether their knowledge of the case can carry any probative weight. Without an affirmative showing of hostility, recalcitrance, or evasiveness on their part, there is no showing of special circumstance to compel their statements; the mere fact that they live out of State and/or they are employees of the defendant is insufficient. Burns v. New York Central R. R. Co., 33 F.R.D. 309 (N.D.Ohio, Jones, J., 1963).

■ Defendant's second ground of resistance—that the documents are not in their possession—raises an issue upon which authority is strangely sparse.[2]

---

1. The Court is cited to no binding expression by the Sixth Circuit on this point, nor does independent research reveal any; therefore, the hint offered by the Supreme Court and the standard set out in Scourtes control. Defendant cites several cases where Admiralty Courts have denied access to attorneys' files under motions filed pursuant to Admiralty Rule 32, which is substantially the same as Rule 34 on the civil side. For example, Buining v. The S. S. Transporter, 171 F. Supp. 465 (D.C.Md.1959), withheld the statement of a witness who had moved to Holland. These cases are not persuasive since the discovery mechanism in Admiralty is less encompassing than that on the civil side. Cf. Kelleher v. United States, 88 F.Supp. 139 (S.D.N.Y.1950).

2. Courts have handled this issue in three ways: ignoring the question (Kane v. New Syndicate Co., D.C., 1 F.R.D. 738; Blank v. Great Northern Ry. Co., D.C., 4 F.R.D. 213), blind obedience to Supreme Court dictum (Rosenfeld v. Ungar, 25 F.R.D. 340, S.D.Iowa 1960), or wise avoidance in absence of strong urging by the parties (Seven-Up Co. v. Get-Up Corp., 30 F.R.D. 550, N.D.Ohio, Kalbfleisch, J. (1962).

Generally, actual possession of documents sought under Rule 34 is not necessary, if the party has control. 4 Moore's Federal Practice 2471 (2d ed. 1950). Professor Moore asserts that the question of whether documents in the possession of a party's attorney are under the control of the party is resolved by discerning their origin. If the items were originally produced by the party or his agents, and then turned over to the attorney, they are considered under the party's control. If the documents were the product of the attorney's trial preparation, then they are not considered subject to the party's control. Ibid., fn. 7 (citing Hickman).[3]

■ It is submitted that Hickman cannot stand for that proposition. As pointed out above, the Supreme Court did recognize in Hickman that invasion of an attorney's file for relevant documents is permissible to avoid prejudice to an opponent. If Rule 34 is to be used, then possession by the lawyer must mean control of the party, since the rule applies only to parties. If, on the other hand, the Court intended to foreclose implementation of Rule 34 for pre-trial discovery in work product cases, then the would-be discoverer must move to depose the attorney under Rule 26 and with the attendant subpoena request production of the documentary evidence under Rule 45. This contradicts the general policy of avoiding situations where an attorney becomes a witness. Hickman v. Taylor, 329 U.S. 495, 517, 67 S.Ct. 385, 396, 91 L.Ed. 451 (Jackson, J., concurring). Nonetheless, this language appears:

"Indeed such an order [to produce statements] could not have been entered as to [the attorney] since Rule 34 * * * is limited to parties to the proceeding, thereby excluding their counsel or agents. * * * [Petitioner's] only recourse was to take Fortenbaugh's deposition under Rule 26 and to attempt to force Fortenbaugh to produce the materials by use of a subpoena duces tecum in accordance with Rule 45." 329 U.S. 495, 504, 67 S.Ct. 385, 390, 91 L.Ed. 451.

Although the Court could have disposed of the case on this ground if so inclined, they deemed it "unwise to rest our decision upon this procedural irregularity", and stated that this "would be inconsistent with the liberal atmosphere" surrounding the Federal Rules. 329 U.S. at 505, 67 S.Ct. at 391, 91 L.Ed. 451. Since the Court did not specifically state that possession by the attorney is not subject to the control of the party, and gave no reason for so implying, we read the whole opinion to reflect a spirit of liberality which would reject the conclusion that statements taken by an attorney may not be compelled by a motion under Rule 34 which is addressed to the party.

■ The defendant further objects on the ground that the plaintiff failed to pursue his quest for evidence with diligence, so that this straitened predicament is of his own making. This claim does not fit the facts. Without previous knowledge of the existence of the requested statements, plaintiff propounded interrogatories to the defendant on December 4, 1963, approximately two and one half months before the expected trial date. This does not strike the Court as "waiting till the last minute" as advanced by defendant. Plaintiff then solicitously extended, by way of stipulation, the defendants time for answer, so that knowledge of these statements first came to plaintiff on January 14, 1964. Six days later, the witnesses Buck and Surwilla were still unavailable at the locations to which defendant had directed the plaintiff. The Court can see no other recourse, short of engaging a private police force, than the filing of this motion.

---

3. (This may be a suitable standard for delineating the concept of "work product", but it is a ragged distinction in the concept of "control". This proposition ignores the fact of agency between attorney and client.)

This objection is not well taken. Therefore, the Court orders the production of the statements of those witnesses who are said to have disappeared, and withholds the statements of those whom the plaintiff has contacted.

The plaintiff further requests a letter to the defendant's attorney written by one Dale Hofbauer, a seaman and potential witness. Since this is clearly outside the work product, a showing of good cause will suffice. However, the plaintiff fails to make such a showing by merely asserting that the writer cannot be contacted by telephone. Hofbauer lives in Rossford, Ohio, which is within the Northern District of Ohio; it cannot be said that he is inconveniently located or that the information is "otherwise unavailable" so that production would be called for.

Motion in this respect is denied.