398 P.2d 671

**STATE FARM INSURANCE COMPANY, Appellant, and Aubrey D. Cook,**

**v.**

**Joseph N. ROBERTS and Catherine E. Roberts, his wife, Appellees.**

**No. 8001.**

Supreme Court of Arizona.

En Banc.

Jan. 27, 1965.

---

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank, Phoenix, for appellant.

Gibbons, Kinney & Tipton, by Jack C. Warner, Phoenix, for appellees.

UDALL, Justice.

This is an appeal by the State Farm Insurance Company from an order of the Superior Court holding such company in civil and criminal contempt for failure to produce a statement of its insured, defendant below. Plaintiffs and defendant will be referred to herein as they appeared in the lower court, and State Farm Mutual Automobile Insurance Company will be designated as State Farm.

The issues before us arose out of an automobile accident in which the defendant allegedly ran into the rear of plaintiffs' vehicle. Four days later defendant's written statement was taken by James C. Reece, a State Farm claims adjuster. After it was read and signed by defendant it was retained by Mr. Reece. A complaint was filed and defendant answered setting up brake failure as a defense. Discovery proceedings were instituted during which both parties were deposed. Plaintiffs then filed a motion and affidavit under Rule 34, Rules of Civil Procedure, 16 A.R.S., for the production of such statement and defendant filed a memorandum in opposition. The Superior Court found the required good cause, required by Rule 34, to have been shown, and ordered its production. Defendant filed an affidavit and response to the order setting up his inability to comply due to lack of possession, custody or control. Plaintiffs then moved to strike the answer and for entry of default under Rule 37(b) (2), Rules of Civil Procedure.

A hearing was held on this motion and the court found, inter alia, as follows:

"ORDER AND JUDGMENT [6–17–63]

"It appearing that the defendant is not in actual possession or effective control of the document in question; and it further appearing that if the same document were subpoenaed in a deposition proceeding under Rules 26 and 45, the possessor thereof, State Farm Insurance Company, would decline to produce the same; and it further appearing by oral and written stipulation that the firm of Lewis, Roca, Scoville, Beauchamp & Linton is counsel both for the defendant and for State Farm Insurance Company, and that in this dual capacity, the firm is willing to stipulate that this proceeding may be

regarded in all respects as if a deposition had been taken of an appropriate officer of the company and as if he had declined to produce for the identical reasons of want of good cause previously advanced in this proceeding; and that this Court would rule that there was good cause for precisely the same reasons as when a similar order was directed against the defendant under Rule 34; and it further appearing that this issue is raised in good faith to test and determine the authority and proper circumstances in which a trial court may order the production of an insured's statement to his own insurer; and it further appearing that the company waives any right to the formal procedures prescribed in ARS, Section 12–861–5, dealing with contempt, now therefore * * *"

It is to be noted that the lower court found defendant did not have actual possession or effective control of the document. The order, however, imposed upon State Farm, defendant's insurer, a $100 fine as a criminal contempt penalty for the refusal to produce the statement under Rule 45, and a further fine of $100 was assessed as a civil contempt penalty payable to the plaintiffs. With respect to the latter fine, the order does not specify whether the finding in civil contempt was for refusing to produce under Rule 34 or Rule 45; therefore,

we will treat it as if it were for the refusal to produce under both rules. ...

Rule 34 is limited in its applicability to documents and things within the possession, custody or control of a party to the action. The first question for determination is whether a written statement of a party taken by an adjuster of his own insurance company, the possession of which is retained by such company, may be obtained by the adverse party through use of a motion directed to such party under the provisions of Rule 34, Rules of Civil Procedure, or must a proper agent of the insurance company be deposed and subpoenaed duces tecum under Rules 26 and 45?

■ With reference to the production of the statement by means of a motion under Rule 34, it is our opinion that the decision of this Court in Dean v. Superior Court in and for Maricopa County, 84 Ariz. 104, 324 P.2d 764, 73 A.L.R.2d 1, is controlling. In that opinion we held that the right of the party moving for production of documents or things under Rule 34 is not absolute, but is dependent on the existence of certain conditions. · The moving party must show that "* * * (1) there is 'good cause' for the production and inspection of the desired material; (2) the material requested must be 'designated' with reasonable definiteness and particularity; (3) the material must not be privileged; (4) the material must constitute or contain evidence relating to

matters within the scope of the examination permitted by Rule 26(b), that is, it must be 'relevant to the subject matter involved in the pending action'; and (5) the material must be within the possession, custody and (sic) control of the party upon whom the demand it (sic) made." Id. at 114-115, 324 P.2d at 771.

We have examined the record herein to ascertain if the plaintiffs made the requisite showings. The first requirement is that "good cause" exists for the production. What constitutes "good cause" depends to a considerable degree upon the particular circumstances of each case and upon considerations of practical convenience; and it is for this reason that our decisions dealing with the problem of "good cause" under this Rule can only be of limited assistance. Watts v. Superior Court in and for Maricopa County, 87 Ariz. 1, 347 P.2d 565.

It should be noted that the leading case on the subject of discovery, Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1942), is not determinative of the "good cause" requirement as it applies to the instant case. The statement sought herein is not the work product of a lawyer, described in Hickman v. Taylor, supra, 329 U.S. at 510, 67 S.Ct. at 393, as "written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties." It is only where an attorney's work product is sought on discovery that the somewhat restrictive doctrine of so-called "sufficient cause", set forth in Hickman is applicable. See, e. g., Seven-up v. Get-up, 30 F.R.D. 550 (N.D.Ohio 1962); Crowe v. Chesapeake and Ohio Ry. Co., 29 F.R.D. 148 (E.D.Mich.1961); Gebhart v. Isbrandtsen Co., 10 F.R.D. 119 (S.D.N.Y. 1950).

In the case at bar we are confronted with the problem of a motion seeking the production of the adverse party's statement given to his own insurance company within a few days after the accident. The adverse party was deposed and in the course of such deposition the facts regarding the taking of this statement were elicited, although defendant stated he could not relate what was in the statement. Plaintiffs then moved for the production of such statement and in support thereof their attorney's affidavit was filed in the plaintiffs' behalf. This affidavit sets forth in essence that the statement was sought to impeach or determine the credibility of defendant.

In Dean v. Superior Court, supra, we pointed out that ordinarily there is no occasion for obtaining statements where the witnesses are available to the party and can be interrogated or examined by him. We further set out the exceptions to this general rule; where such witnesses are not available or hostile, or for some other reason the information sought cannot be obtained in spite of diligent effort. We then

stated that production of the statements should not be denied, " * * * when good cause is shown that the same are sought to impeach or determine the credibility of the witness." Id. at 113, 324 P.2d at 770.

Attention is directed to the fact that the statement herein involved is a written signed statement already in existence which could be used for the purpose of impeachment as distinguished from an oral statement. As Jackson, J., pointed out in his concurring opinion in Hickman v. Taylor, supra, 329 U.S. at 516, 67 S.Ct. at 396, 91 L.Ed. 451, " * * * the statement by counsel of what a witness told him is not evidence when written plaintiff could not introduce it to prove his case."

In the instant case it is clear the statement was sought to impeach or determine the credibility of defendant and the lower court properly found a showing of the requisite "good cause" to exist.

The requirement that the material be, " 'designated' with reasonable definiteness and particularity," has obviously been complied with by the following language contained in the motion:

"The written statement he gave to his insurance adjuster immediately following the collision, (Deposition, pages 28–30)."

State Farm in its brief herein concedes, and properly so, that the statement which defendant, its insured, gave the adjuster, is not privileged.

With respect to the showing of "relevancy", no serious question is presented. Defendant in his deposition testified that the statement was a description of how the accident happened, and the facts of this accident are the basis of this case.

The most difficult problem raised by this appeal is the question of whether the statement was in the possession, custody or control of the party upon whom the demand was made. The motion was served upon defense counsel representing both State Farm and defendant, but the demand contained therein was directed to the defendant. Defendant denies ever having had possession of his statement; however, State Farm admits possession.

In Watts v. Superior Court in and for Maricopa County, supra, we upheld an order of the lower court to produce, under Rule 34, a statement of the moving party obtained by the adverse party's insurance adjuster; however, the question of the statement being in the possession, custody or control of the party was not raised therein. In that case we pointed out our adherence to the modern trend toward liberalization of the discovery procedure so as to provide a more efficient and speedy disposition of cases. 87 Ariz. at 5–6, 347 P.2d 567–568.

State Farm contends that since the statement is in its possession the court has no power to reach it by an order under Rule 34. The basis for the argument is that Rule 34 provides for the production of documents or things in the custody, possession or control of a party, and since State Farm is not a party, an order directed to the defendant, its insured, is not effective as to his insurance carrier. In support of this argument they rely heavily on the following language of the opinion in Hickman v. Taylor, supra:

> "Indeed, such an order could not have been entered as to [the attorney] since Rule 34, like Rule 33, is limited to parties to the proceeding, thereby excluding their counsel or agents." Id. at 504, 67 S.Ct. at 390.

This same quotation was apparently cited to the U. S. District Court in Hanson v. Gartland Steamship Co., 34 F.R.D. 493 (N.D.Ohio 1964), where discovery was sought of witnesses' statements taken by the attorney for the adverse party which the Court treated as being part of the "work product" of the attorney. The Court rejected this argument holding the statements were discoverable by a motion under Rule 34. The Court stated:

> "Although the [United States Supreme] Court could have disposed of the case on this ground if so inclined, they deemed it 'unwise to rest our decision upon this procedural irregularity', and stated that this 'would be inconsistent with the liberal atmosphere' surrounding the Federal Rules. 329 U.S. at 505, 67 S.Ct. at 391, 91 L.Ed. 451. Since the Court did not specifically state that possession by the attorney is not subject to the control of the party, and gave no reason for so implying, we read the whole opinion to reflect a spirit of liberality which would reject the conclusion that statements taken by an attorney may not be compelled by a motion under Rule 34 which is addressed to the party." Id. at 496.

In the instant case the interests of State Farm and those of the defendant are so closely allied as to be almost inseparable. As a practical matter State Farm is the real litigant here and it is in fact defending the case on behalf of defendant. State Farm, therefore, stands in the position of a party to this action, at least for the purposes of discovery. To hold otherwise would destroy the usefulness of Rule 34 in the great bulk of automobile negligence cases where it is the insurance carrier that gathers and preserves the evidence, not the named litigant himself. Bingle v. Liggett Bros. Drug Co., 11 F.R.D. 593 (D.C.Mass.1951).

For all practical purposes State Farm is performing the exact functions and playing the precise role of an actual party to the litigation. That being true, it should be subject to the usual and reasonable rules of procedure, and especially with respect to

discovery. Otherwise a litigant by contracting with a third party could nullify and evade the rules of procedure. Wilson v. David, 21 F.R.D. 217 (W.D.Mich.1957); Simper v. Trimble, 9 F.R.D. 598 (W.D.Mo. 1949).

The above opinions are approved by Professor Moore who states:

> "While these latter decisions stretch the concept of possession or control rather far, from a practical point of view they are believed to be sound. The party could obtain the documents by use of Rules 26 and 45 instead of Rule 34, but this seems unnecessarily complicated in such a situation." 4 Moore, Federal Practice, para. 34.17 at 2471–2472 n. 8 (2d ed.)

It is therefore our opinion that for the purposes of discovery, State Farm stands in the position of a party to the action and subject to a production order under Rule 34. Plaintiffs having shown all of the requisite conditions to exist as set forth in Dean v. Superior Court in and for Maricopa County, supra, they were entitled to production of the statement under Rule 34.

In view of the superior court's finding State Farm in contempt for refusal to produce under Rules 26 and 45, based on the stipulation, it becomes necessary for us to review the lower court's order in this regard. Such refusal to produce was based on the same purported lack of "good cause"

as previously advanced in opposition to the motion for production under Rule 34. The question for our determination, therefore, is whether a showing of good cause is necessary where production is sought by means of the deposition-subpoena duces tecum method.

A review of the authorities reveals that the majority of the courts have read the good cause requirement of Rule 34 into Rule 45; particularly where the document sought by subpoena duces tecum is directed to a party to the action. E. g., Boeing Airplane Co. v. Coggeshall, 108 U.S.App.D.C. 106, 280 F.2d 654 (1960), and Schwartz v. Broadcast Music, 16 F.R.D. 31 (S.D.N.Y. 1954). Professor Moore in commenting on this matter says:

> "Rules 34 and 45(b) should be considered in pari materia as far as the scope of examination is concerned; and if a subpoena duces tecum is directed to a party, particularly at a deposition hearing, the specific terms of Rule 34 should govern." 5 Moore, Federal Practice para. 45.05 [2], at 1723 (2d ed.)

In Barron and Holtzoff it is stated:

> "The controversy is whether the party seeking production must establish good cause for issuance of the subpoena, if it is challenged by a motion to quash, as he would be required to do if he moved for production under Rule 34. There are cases which hold that such a

showing is not required, and that the existence of good cause will not be considered on a motion to quash a subpoena. But the great weight of authority, and clearly the only tolerable rule, is to the contrary." 2–B Barron and Holtzoff, Federal Practice and Procedure para. 1002, at 284–285. (Rules ed. 1961).

In contrast with Rule 34 a subpoena duces tecum under Rule 45 is issued upon the request of a party without a court order. See 5 Moore Federal Practice, para. 45.07 at 1729 (2d ed.). The question of good cause is raised by the party to whom the subpoena is directed when he moves under Rule 45(b) to quash or modify the subpoena. In the instant case we assume from the stipulation and lower court order that this was done.

Having already determined that for the purposes of discovery State Farm is a party to this action, it is our opinion that plaintiffs had the burden of showing good cause when the subpoena was challenged by motion. Defendant's objection to the subpoena was only the alleged lack of good cause.

The good cause requirement we find to exist under Rule 45, as explained above, is the same as that required under Rule 34. Plaintiffs' showing of such having been found sufficient to support the motion under Rule 34 is therefore sufficient to require production by means of the subpoena duces tecum under Rule 45.

Rule 45(g), Rules of Civil Procedure, identical to Rule 45(f) F.R.Civ.P., specifically authorizes the finding of State Farm in contempt for refusal to obey the subpoena under Rule 45. The refusal to comply with the production order under Rule 34 made State Farm subject to the sanctions of Rule 37(b), which under proper circumstances would authorize a contempt finding.[1]

In Haney v. Woodward and Lothrop, Inc., 330 F.2d 940 (1964) the U. S. Court of Appeals, Fourth Circuit, was confronted with a similar situation where the District Court had found an insurance company employee guilty of contempt and assessed a fine of one hundred dollars for failure to produce a part of their file when ordered. The insurance company never did produce the documents sought by plaintiff and eventually judgment was rendered for defendant. In reversing and remanding for a new trial the Court of Appeals found the trial court's failure to impose sanctions upon defendant deprived plaintiff of substantial

1. Rule 37b(2), Rules of Civil Procedure, provides:
"If any party * * * refuses to obey an order * * * made under Rule 34 to produce any document or thing * * * the court may make such orders in regard to the refusal as are just, and among others the following: * * *"
(Emphasis added)

rights, and commented as follows regarding the contempt citation:

"This penalty was properly imposed and was certainly considerate. It could have been a commitment of the witness until he released the file. *However, it did not give the plaintiff his whole entitlement.* In actuality, the insurer, the witness and the defendants succeeded in their obstructive tactics." Id. at 945. (Emphasis added).

And further:

"On the face of it, plaintiff was entitled to a judgment of liability by default and we would ordinarily direct entry of such a judgment. United States for Use of Weston and Booker Co. v. Continental Casualty Company, 303 F.2d 91 (4 Cir. 1962)." Id. at 946.

It is also to be noted that the court ordered defendants to pay plaintiff's costs and legal fees for the appeal and directed the District Court to do likewise with respect to plaintiff's expenses and legal fees for the first trial. The court also pointed out that it need not distinguish between the defendants as parties and the insurer and its employee as third persons, "for they acted as one and by the same attorney throughout the entire discovery steps." Id. at 942.

As we have previously indicated the lower court was correct in the first instance when it ordered defendant to produce the statement in response to the motion made under Rule 34. The order, although directed to defendant, was equally effective as to State Farm. Failure to comply with the order entitled plaintiffs to have the sanctions provided in Rule 37(b) (2) imposed upon either State Farm or the defendant. Plaintiffs had a right to have the Court impose such sanctions as could reasonably be expected to force compliance with the order. The imposition of a sanction against State Farm, rather than defendant, was proper as State Farm's conduct herein constituted a wilful refusal to comply with the order under Rule 34.

State Farm also urges that the decisions of this Court in Di Pietruntonio v. Superior Court in and for Maricopa County, 84 Ariz. 291, 327 P.2d 746, and Tom Reed Gold Mines Co. v. Morrison, 26 Ariz. 281, 224 P. 822, hold that the insurance company is not to be involved in an auto accident case and that information concerning its relations with the insured is unavailable even under Rule 26. We cannot agree with this contention. The former case involved discovery of the limits of a defendant's liability coverage, which was held to be not discoverable under Rule 26 as being immaterial and irrelevant to the issues. In the latter case plaintiff's counsel in his voir dire examination of jurors was found by this Court to have gone further than was

necessary, " \* \* \* and that its purpose was, not merely to gain information to guide counsel in selecting the jury, but rather to inform and impress upon the jurors the fact that the defendant was insured against loss from accidents to its employees." 26 Ariz. at 290, 224 P. at 825. In the case at bar we are not concerned with either the extent of insurance coverage or the bringing of such coverage to the attention of a jury.

 It is common knowledge that casualty insurance provides benefits over and above mere financial aid to an insured in case of an automobile accident. Both of the above cases dealt with that function of casualty insurance which affords to its insureds such financial protection, but the case at bar deals with a different type of benefit; that is, the investigation by the insurance company of all the facts and circumstances surrounding an accident for the purpose of determining if any liability exists. It was in the course of such an investigation that the statement herein was taken and plaintiffs seek its production in support of her allegation of defendant's negligence.

It is noted that counsel representing both State Farm and defendant waived in writing the formalities imposed by the contempt statute.

The order of the superior court finding State Farm in contempt, both civil and criminal, is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and McFARLAND, JJ., concur.