HIROSHI IWAMOTO *v.* KIHICHIRO HIRATA.

No. 4525.

DECEMBER 23, 1966.

RICHARDSON, C.J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

OPINION OF THE COURT BY MIZUHA, J.

Plaintiff was injured in an automobile accident on July 8, 1964. Complaint was filed on March 10, 1965. On April 30, 1965, defendant answered plaintiff's pre-trial interrogatory number 49 as follows:

"49. Have you made any statement to any person or organization concerning this accident? If so, state when, where, and to whom such statement was made and the name of the person or organization now having custody of such statement.

"*Answer:* Honolulu Police, Pacific Insurance Company."

Plaintiff's subsequent motion to produce and inspect the statement to the insurance company was granted. Rule

34, H.R.C.P.[1] Defendant is before this court on an interlocutory appeal allowed from said order.

Defendant is correct in his contention that H.R.C.P., Rule 34, requires a showing of good cause before production of a document will be ordered. The motion papers filed by plaintiff were insufficient in that they stated only that the statement sought was relevant and material. The "relevancy is good cause" interpretation was rejected and put to rest in *Schlagenhauf* v. *Holder*, 379 U.S. 104. It is incumbent upon the movant for discovery under H.R.C.P., Rule 34, to set forth a showing of good cause in the moving papers based on the record or accompanying affidavits unless excused through circumstances created by act or omission of the opposing party. Here such circumstances do exist.

The answer to interrogatory 49 above does not indicate when the statement was made by defendant to his insurance company, though defendant was called upon to furnish that information. A careful study of the transcript of the proceedings at the hearing that was held on the motion indicates that it was understood between counsel that the date of the statement would be agreed upon at the hearing. From the record, it appears that in all probability the statement was made soon after the accident and considerably before plaintiff had counsel and filed suit. Statements taken under these circumstances have been held to constitute "good cause" for their production. *Goosman* v. *A. Duie Pyle, Inc.*, 320 F.2d 45; *Southern*

---

[1] "Rule 34. Discovery and Production of Documents and Things for Inspection, Copying, or Photographing. Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; * * *." H.R.C.P., Rule 34.

*Railway* v. *Campbell*, 309 F.2d 569; *Brown* v. *New York, New Haven & Hartford Railroad Company,* 17 F.R.D. 324; *State Farm Insurance Company* v. *Roberts,* 97 Ariz. 169, 398 P.2d 671; *Miller* v. *Harpster,* Alaska, 392 P.2d 21. Under the circumstances the entire record may be considered in determining whether there was "good cause" for production of the statement, the insufficiency of the moving papers being excused by defendant's failure to answer that part of Interrogatory No. 49 which sought to ascertain when the statement was made and by the understanding between counsel that the date of the statement would be agreed upon at the hearing. See *Goosman* v. *A. Duie Pyle, Inc., supra,* p. 53.

The determination of good cause rests largely in the discretion of the trial court and what constitutes good cause will depend mainly on the facts of the case. *United States* v. *National Steel Corporation,* 26 F.R.D. 603. A liberal construction of good cause is preferable. *United States* v. *National Steel Corporation,* 26 F.R.D. 607. With the wide variety of factual differences in each case, the trial court has broad discretion in ordering production of documents under Rule 34. *Tiedman* v. *American Pigment Corporation,* 253 F.2d 803. See *In re Goodfader,* 45 Haw. 317, 335, 367 P.2d 472, 483. Defendant has failed to show an abuse of discretion under the circumstances here present.

Order affirmed.

*Martin Anderson* (*Anderson, Wrenn & Jenks*) for appellant.

*Don Jeffrey Gelber* (*Greenstein & Cowan*) for appellee.

---

### DISSENTING OPINION OF CASSIDY, J.

While our rules of civil procedure should be liberally construed, "they should not be expanded by disregarding

plainly expressed limitations." *Schlagenhauf* v. *Holder,* 379 U.S. 104, 121.

Production of documents under H.R.C.P., Rule 34, is expressly limited by the requirement that a showing of "good cause" be made. Relevancy or materiality can not be equated to good cause under the rule. *Schlagenhauf* v. *Holder, supra; Guilford National Bank* v. *Southern Ry.,* 4 Cir., 297 F.2d 921; *Groover, Christie & Merritt* v. *LoBianco,* D.C. Cir., 336 F.2d 969; *Hauger* v. *Chicago, Rock Island & Pacific R.R.,* 7 Cir., 216 F.2d 501.

The "good cause" requirement of Rule 34 is equally applicable when the document sought is a statement of a party to the action. *Safeway Stores* v. *Reynolds,* D.C.Cir., 176 F.2d 476; *Shupe* v. *Pennsylvania R. Co.,* W.D. Pa., 22 Fed. Rules Serv. 34.411 Case 3, W.D. Pa.; *Carman* v. *Fishel, Okla.,* 418 P.2d 963.

The motion for production before us rests on the bare allegation that defendant's statement to his insurance carrier constituted or contained "evidence relevant and material to the matter involved in this action." It was presented as being "based upon the records and files herein and more specifically defendant's answer to Interrogatory No. 49." Plaintiff made no attempt to support the motion in the manner prescribed by H.R.C.P., Rule 43(e). On the hearing thereof the motion was augmented only by an inconclusive colloquy between the court and counsel on when the defendant's statement might have been made.

Under the express limitation of Rule 34 plaintiff's motion for production is, as I think the majority recognize, patently insufficient to warrant the relief thereby sought. And as I am of the opinion that the deficiency in the defendant's response to Interrogatory No. 49 can not be employed to cure the insufficiency of the motion, I would reverse.