NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL DAVID BRUSER and LYNN BRUSER, Trustees under that certain unrecorded Revocable Living Trust Agreement dated July 11, 1988, as amended, doing business as Discovery Bay Center, | No. 16-16354 |
| | D.C. No. 1:14-cv-00387-LEK-RLP |
| Plaintiffs-counter-claim-defendants-Appellants, | MEMORANDUM* |
| v. | |
| BANK OF HAWAII, a Hawaii corporation, as Trustee, as successor by merger with Hawaiian Trust Company, Limited, a former Hawaii corporation and as successor Trustee under that certain Trust Agreement dated June 6, 1974; et al., | |
| Defendants-counter-claimants-plaintiffs-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 12, 2018
Resubmitted January 14, 2020
Honolulu, Hawaii

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW, BERZON, and RAWLINSON, Circuit Judges.

Micheal and Lynn Bruser appeal a judgment issued against them and in favor of Bank of Hawaii, the Association of Apartment Owners of Discovery Bay and a number of additional defendants and counter-claimants (together, the "Association"). The substantive disputes that spawned this litigation, as well as simultaneous litigation occurring in Hawaii state court, are whether the Bank of Hawaii is charging a reasonable trustee fee for the services it provides to the Discovery Bay condominium project and who is responsible for paying that fee.

While the district court litigation was pending, a state court determined that the Bank of Hawaii's fee was reasonable.[1] The district court then issued a pretrial order holding that it lacked jurisdiction under the *Rooker-Feldman* doctrine to review the Brusers' claim seeking a declaration that the Bank of Hawaii's proposed trustee fee was unreasonable. After a stipulated facts bench trial, the district court determined that the Brusers had breached their contractual obligation to pay the Bank of Hawaii under the CCD. The court also declared that the Brusers were liable for the entire unpaid trustee fee owed to the Bank of Hawaii.

1. The Brusers argue that the district court improperly dismissed their

---

[1] That decision has since been affirmed in relevant part by the Hawaii Supreme Court. *In re Trust Agreement Dated June 6, 1974*, 452 P.3d 297, 308 (Haw. 2019), *reconsideration denied*, No. SCWC-15-0000632, 2019 WL 6040796 (Haw. Nov. 14, 2019).

2

declaratory relief claim under the *Rooker-Feldman* doctrine because the state court lacked jurisdiction to review the reasonableness of the fee charged by Bank of Hawaii. But "*Rooker-Feldman* applies where the plaintiff in federal court claims that the state court did not have jurisdiction to render a judgment." *Doe v. Mann*, 415 F.3d 1038, 1042 n.6 (9th Cir. 2005).

2. The Brusers also argue that the district court erred when it concluded that the Condominium Conveyance Document made the Brusers liable for the trustee fees owed to the Bank of Hawaii under the Trust Agreement. The district court did not err. The Condominium Conveyance Document unequivocally states that the Brusers, as the owner of the commercial unit at Discovery Bay, were required to pay "all fees and expenses charged or incurred by the Lessor as Trustee under the terms of said Trust Agreement . . . as the same become due or are incurred."

3. The Brusers perfunctorily mention some additional issues in their opening brief. For example, they state that the district court violated the Brusers' due process rights during discovery, and that the Bank of Hawaii committed fraud against the Brusers. But their opening brief lacks argument supporting any of their additional assertions. Because the Brusers have not supported these positions with cogent argument, these issues are deemed waived. *See Greenwood v. FAA*, 28 F.3d 971, 977-78 (9th Cir. 1994).

**AFFIRMED.**