**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000028
13-OCT-2025
08:04 AM
Dkt. 104 SO**

NO. CAAP-23-0000028

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE HELEN-EDYTHE RICHARDSON
REVOCABLE LIVING TRUST DATED SEPTEMBER 14, 1987,
AS AMENDED AND RESTATED

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CTR-21-0000043)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Guidry, JJ.)

Petitioner/Objector/Interested Party-Appellant Ninia

Richardson-Aldrich (**Ninia**), and Objectors/Interested Parties-

Appellants George Naoi Richardson, and Neil Maunakea Richardson

(collectively, the **Siblings**), appeal from the Circuit Court of

the First Circuit's (**probate court**)[1]: (1) "Order Granting in Part and Denying in Part [the Siblings'] Petition to (1) Determine That This Matter Is 'Contested' and for a Written Order Assigning the Case to the Civil Trials Calendar and (2) Stay the Sale of the North Shore Property" (**Contested Matter/Stay Order**), entered on February 27, 2023; and (2) "Judgment on Order Granting in Part and Denying in Part [the Siblings'] Petition to (1) Determine That This Matter Is 'Contested' and for a Written Order Assigning the Case to the Civil Trials Calendar and (2) Stay the Sale of the North Shore Property" (**Judgment**), also entered on February 27, 2023.

This appeal arises out of a familial dispute over the sale of a property on the North Shore of Oʻahu (**North Shore Property**) owned by the Helen-Edythe Richardson Revocable Living Trust dated September 14, 1987, as amended and restated (the **Trust**). Among other things, the Siblings dispute the validity of the Trust's provisions, and of decedent/grantor Helen-Edythe Richardson's (**Richardson**) last will and testament that authorizes Petitioner/Trustee-Appellee Pegi Louise Braun (**Trustee**) to sell the North Shore Property.

The Siblings raise seven points of error on appeal, contending that the probate court erred by: (1) "fundamentally

---

[1]     The Honorable R. Mark Browning presided.

2

misapprehend[ing] the meaning of the term 'may' in [Hawaiʻi Probate Rules (**HPR**)] Rule 20(a)"; (2) "concluding [that] it had properly retained jurisdiction prior to November 25, 2022"; (3) "concluding that it had not denied the [Siblings] the right to discovery and/or to request leave to take discovery"; (4) "finding that the [Siblings] failed to establish factual and legal bases for their claims"; (5) "only partially amending the ['Order Granting Petition for Authorization to List and Sell Real Property [DKT. 1]' (**Sale Order**)] and ['Order Denying [Ninia's] Petition for Instructions, Filed April 9, 2021 [DKT. 44]' (**Instructions Order**)]";[2] (6) "not staying the sale of the North Shore Property"; and (7) "denying the [Siblings] their duly demanded right to trial by jury on all contested matters." (Emphasis omitted.)

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration

---

[2] The Trustee filed a "Petition for Authorization to List and Sell Real Property" (**Petition to Sell**), on February 26, 2021, requesting authorization to sell the North Shore Property. Ninia subsequently filed a Petition for Instructions, on April 9, 2021, requesting that the probate court terminate the Trust, remove the Trustee, and distribute the Trust assets under the terms of a prior trust document.

In May 2022, the probate court heard the Petition to Sell and the Petition for Instructions. By minute orders entered on June 3, 2022, the probate court granted the Trustee's Petition to Sell and denied Ninia's Petition for Instructions. The probate court entered the written Sale Order and Instructions Order on July 12, 2022. The Siblings appealed these orders in August 2022 in case no. CAAP-22-0000488. This court dismissed that appeal due to the Siblings' failure to file a jurisdictional statement and an opening brief.

to the arguments advanced and the issues raised by the parties, we resolve the Siblings' points of error as follows.[3]

(1) Points of error 1 through 5 collectively contend that the probate court erred in failing to issue a timely written order, pursuant to HPR Rule 20(a), and that this precluded the Siblings from timely requesting discovery. We review the probate court's decision, made pursuant to HPR Rule 20(a), for abuse of discretion. In re Est. of Kam, 110 Hawaiʻi 8, 24, 129 P.3d 511, 527 (2006). We consider points of error 1 through 5 in turn.

First, the Siblings contend that the probate court erroneously determined it had discretion under HPR Rule 20(a) to either issue, *or refrain from issuing*, written orders regarding its jurisdiction. We review the probate court's interpretation of court rules de novo. State v. Vaimili, 135 Hawaiʻi 492, 499, 353 P.3d 1034, 1041 (2015). The Siblings misstate the record. The probate court stated that, under HPR Rule 20(a), it possessed discretion to either retain jurisdiction over a

---

[3] We decline to address the Siblings' request that this court "order Judge Browning's recusal." The Siblings' request, which is raised for the first time on appeal, is untimely. See Off. of Disciplinary Couns. v. Au, 107 Hawaiʻi 327, 338, 113 P.3d 203, 214 (2005) ("Unless the matters of disqualification are unknown to the party at the time of the proceeding and are newly discovered, there can be no excuse for delaying the filing of the suggestion until after rulings are made in the matter[.]") (citation omitted). Moreover, the Siblings fail to allege facts or circumstances that would support their contention that Judge Browning should be disqualified. See Hawaii Revised Statutes (**HRS**) § 601-7 (2016) (setting forth grounds for judicial disqualification).

contested matter or assign it to the civil trials calendar, which is a correct interpretation of HPR Rule 20(a). See <u>In re Est. of Kam</u>, 110 Hawai'i at 24, 129 P.3d at 527.

Second, the Siblings contend that the probate court erred by concluding it had properly retained jurisdiction because the probate court failed to issue a written order of retention or assignment, pursuant to HPR Rule 20(a), *prior to* ruling on the merits of the contested matters.

Here, the Trustee's Petition to Sell and Ninia's Petition for Instructions were contested matters. HPR Rule 19 provides,

> A contested matter is any one in which an objection has been filed. The contested matter shall be limited to facts and issues in dispute, and shall not affect other issues or pleadings before the court with respect to the same proceeding that are not in dispute, provided that no party is prejudiced thereby.

Objections were filed in response to both the Trustee's Petition to Sell and Ninia's Petition for Instructions.

HPR Rule 20(a) describes the procedure to be followed by the probate court after determining a matter is contested as follows,

> **(a) Assignment.** The court by written order may retain a contested matter on the regular probate calendar or may assign the contested matter to the civil trials calendar of the circuit court.

Pursuant to HPR Rule 20(a), therefore, the probate court "by *written* order" may either retain a contested matter *or* assign the matter to the civil trials calendar. (Emphasis added.)

The commentary to HPR Rule 20(a) provides that "[b]y requiring a written order of assignment, which would ideally be a preprinted form, a clear record is created, and the court then has the opportunity to decide what procedures will be used if the contested matter is retained." (Emphasis omitted.) The Hawaiʻi Supreme Court has clarified in In re Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984, that "HPR Rule 20 (2010) provides that when a case is contested *the probate court must, through a written order*, either assign the case to the circuit court or retain it." 147 Hawaiʻi 456, 468, 465 P.3d 903, 915 (2020) (emphasis added) (cleaned up).

Therefore, while the rule's use of the term "may" gives the probate court discretion to retain jurisdiction over a contested matter, In re Est. of Kam, 110 Hawaiʻi at 24, 129 P.3d at 527, the probate court *must* issue a written order of retention or assignment. We conclude that the probate court erred in failing to issue such a written order until after addressing the merits of the contested matters.

Third, the Siblings contend that the probate court's failure to issue the HPR Rule 20(a) order precluded the Siblings from requesting leave to take discovery.

In In re Tr. Agreement Dated June 6, 1974, the Hawaiʻi Supreme Court instructed that,

> To seek discovery, a party must file an objection, which characterizes the probate court proceeding as a "contested matter." HPR 19 (2006). Once the proceeding becomes a contested matter, the probate court must then determine, pursuant to HPR Rule 20(a), whether to retain the proceeding on the probate calendar or to assign it to the civil trial calendar. **After the designation of assignment**, if the party wishes to conduct discovery, **it must request that discovery be taken**. See HPR Rule 20(d).

145 Hawaiʻi 300, 311, 452 P.3d 297, 308 (2019) (emphasis added) (footnote omitted).

The Siblings argued at the probate court's May 2022 hearing on the Petition to Sell and Petition for Instructions that "[they were] being asked to prove a case that [they] haven't really had a fair opportunity to gather the necessary evidence for," and that "[they] need to do the discovery to meaningfully support [their] position and to meaningfully counter the other side's petition."

We reject the Trustee's contention that Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 81(g) permitted the Siblings to seek leave to take discovery without a written HPR Rule 20(a) order. With specific regard to "[d]epositions and discovery," HRCP Rule 81(g) provides that "Chapter V of these rules, relating to depositions and discovery, shall apply to proceedings listed in subdivision (a) of this Rule 81," which includes probate proceedings.[4]

---

4    HRCP Rule 81(a)(1) provides that, "[e]xcept as expressly otherwise provided in this Rule 81 or another rule of court, these rules shall not apply to . . . [p]robate proceedings under chapter 560."

HRCP Rule 81(g), HPR Rules 19, 20(a), and 20(d), and the commentary to HPR Rule 20(a) must be read together to determine the procedures for obtaining discovery in contested probate cases. We read HRCP Rule 81(g) as applying only after a probate court has issued an HPR Rule 20(a) written order retaining jurisdiction of a contested matter. This reading is consistent with the procedure for obtaining discovery in contested probate matters set forth in In re Tr. Agreement Dated June 6, 1974. 145 Hawaiʻi at 310-11, 452 P.3d at 307-08.

On this record, we conclude that the probate court's failure to timely issue an HPR Rule 20(a) written order foreclosed the Siblings from following the procedure for requesting discovery set forth in the HPR. The probate court's failing in this regard prejudiced the Siblings.

Fourth, relatedly, the Siblings appear to contend that the probate court erred in ruling on the contested petitions *prior to* issuing the HPR Rule 20(a) written order of retention or assignment. Pursuant to our conclusions set forth supra, we likewise conclude that the probate court erred by failing to issue the HPR Rule 20(a) written order prior to ruling on the merits of the petitions.

Fifth, the Siblings contend that the probate court erred in concluding that it could cure its failure to timely issue the HPR Rule 20(a) written order by retroactively: (1)

amending the Sale Order and Instructions Order to include a finding that they were contested matters under HPR Rule 20, over which the probate court retained jurisdiction; and (2) ordering the parties to submit proposed findings of fact and conclusions of law on the issues raised in the petitions by December 16, 2022.

We conclude that the probate court's attempted cure was an insufficient remedy. As discussed supra, the prejudice to the Siblings, resulting from the probate court's failure to timely comply with HPR Rule 20(a), was not cured by the probate court's nunc pro tunc amendments.

For the reasons set forth above, we conclude that the probate court erred in failing to issue the HPR Rule 20(a) written order prior to ruling on the merits of the Petition to Sell and Petition for Instructions, in ruling that its error could be cured by retroactive amendment of the Sale Order and Instructions Order, and in ruling that its failure to timely issue a written order of retention did not prevent the Siblings from requesting leave to conduct discovery.

(2) Point of error 6 contends that the probate court erred in denying the Siblings' request to stay the sale of the North Shore Property. Consistent with our conclusions in Section (1) supra, we vacate the probate court's denial of the Siblings request for a stay, and remand the matter to be

considered through further proceedings consistent with this summary disposition order.

(3) Point of error 7 contends that the probate court erred in entering the Judgment without conducting a jury trial on the contested matters.  The Siblings contend that they "have a constitutional and statutory right to [a] jury trial on all contested issues," and that Ninia had requested a jury trial.

Article I, section 13 of the Hawai‘i Constitution "preserves the right to a jury trial that existed under the common law of this state at the time that the Hawai‘i Constitution went into effect in 1959," in matters "where the value in controversy shall exceed five thousand dollars."  SCI Mgmt. Corp. v. Sims, 101 Hawai‘i 438, 446, 71 P.3d 389, 397 (2003) (cleaned up).  Pursuant to the Hawai‘i Uniform Probate Code, the statutory basis for a right to a jury trial in *informal* probate proceedings, such as this,[5] is coextensive with the constitutional right to a jury trial.  The Hawai‘i Uniform Probate Code provides that, "[i]f duly demanded, a party is entitled to trial by jury in a formal testacy proceeding and *any proceeding in which any controverted question of fact arises as*

---

[5]    The probate court denied Ninia's request for a formal testacy proceeding, which was made pursuant to HRS § 560:3-401 (2018) in case no. 1CLP-21-0000249, to probate Richardson's will.

*to which any party has a constitutional right to trial by jury*." HRS § 560:1-306(a) (2018) (emphasis added).

Whether the Siblings are entitled to a jury trial on the contested petitions therefore turns on whether that right existed under the common law of Hawaiʻi at the time the Hawaiʻi Constitution was enacted. The Siblings have not cited, and we are unaware of, Hawaiʻi case law holding that there is a common law right to a jury trial in probate matters. Courts in other jurisdictions have concluded that there is no common law right to a jury trial in probate proceedings. See 50A C.J.S. Juries § 95 (2025) ("The right to demand a trial by jury in decedent estate administration proceedings was not given by the common law, and there generally is no constitutional right to a jury trial.") (footnotes omitted).

We therefore conclude that the Siblings are not entitled to a jury trial on the contested petitions, and that the probate court did not err in entering the Judgment without conducting a jury trial.

For the foregoing reasons, we vacate the probate court's Contested Matter/Stay Order, and the Judgment. We

remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, October 13, 2025.

On the briefs:                                    /s/ Katherine G. Leonard
                                                  Presiding Judge
Robert G. Klein,
for Petitioner/Objector/                          /s/ Clyde J. Wadsworth
Interested Party-Appellant                        Associate Judge
Ninia Richardson-Aldrich and
Objectors/Interested Parties-                     /s/ Kimberly T. Guidry
Appellants George Naoi                            Associate Judge
Richardson and Neil Maunakea
Richardson.

Margery S. Bronster,
for Petitioner/Trustee-
Appellee.

12