**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000275
13-NOV-2024
08:03 AM
Dkt. 55 SO**

NO. CAAP-21-0000275

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF

THE TSUGIO KURIHARA REVOCABLE LIVING TRUST
DATED AUGUST 21, 1997, as Amended and Restated

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1TR161000036)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Respondent-Appellant Ted Kurihara (**Ted**) appeals from the March 8, 2021 Judgment On Order and Findings of Fact Regarding Petition for Accounting, for Distribution of Trust Assets, for Removal and Surcharge of [Ted] as Successor Trustee of the Tsugio Kurihara Trust [(the **Trust**)], for Constructive Trust and for Other Equitable Relief [(the **Petition for Removal and Surcharge**)] Filed April 30, 2020 (**Judgment**), entered by the Circuit Court of the First Circuit (**Probate Court**)[1] in favor of Petitioner-Appellee Douglas Kurihara (**Douglas**).  Ted also challenges the March 8, 2021 Order and Findings of Fact Regarding

---

[1]     The Honorable R. Mark Browning presided.

[the Petition for Removal and Surcharge] (**Order Regarding Petition**).

Ted raises three points of error on appeal, contending that the Probate Court erred in:  (1) adopting certain recommendations in the November 10, 2020 Master's Report (**Master's Report**), filed by the court-appointed master, Christopher A. Dias (**Master**); (2) failing to explain, in reference to paragraphs 3, 4, and 5 of the Order Regarding Petition why it adopted certain findings from the Master's Report, but not the Master's recommendation; and (3) by not holding an evidentiary hearing or deeming this as a contested matter to be transferred to the civil trials calendar.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ted's points of error as follows:

(1)  Ted argues that the Probate Court erred when it adopted the Master's recommendations regarding (1) the reduction of Ted's trustee compensation, and (2) the surcharge against Ted, which was based on, *inter alia*, Ted's breach of his fiduciary duties including his offsets against and reduction of Douglas's distribution.

Ted first argues that the Probate Court abused its discretion in awarding Ted fees for his services as trustee based on the statutory formulation set forth in Hawaii Revised Statutes (**HRS**) § 607-18 (2016), rather than the amount of fees that Ted

claimed he was entitled to due to his good faith actions with respect to the Trust property.  HRS § 607-18 states, in part:

> **§ 607-18  Compensation of trustees.**  (a) Unless the trust instrument otherwise provides, or the settlor and trustee otherwise agree, or, after the settlor's death, all the beneficiaries and the trustee otherwise agree, the trustee shall be entitled to the compensation set forth in this section and the compensation shall be deemed to be reasonable.  For good cause shown, the court may also approve any other fee arrangement that it deems reasonable.

Ted does not contend that the Trust provided for any particular compensation calculation, or that the settlor (**Tsugio**) and Ted agreed to any particular compensation calculation, or that the beneficiaries and Ted agreed to any particular compensation calculation.  Ted offers no authority supporting his assertion that the Probate Court abused its discretion in adopting the Master's use of the statutory formula in HRS § 607-18, rather than Ted's calculations.  The Probate Court adopted the Master's findings and determined that Ted breached his fiduciary duties by, *inter alia*, "unjustifiably overcompensating himself in fiduciary fees, as more fully described in the Master's Report, at the expense of the Trust and its beneficiaries."  While Ted argues that the Trustee's fees he paid himself were "necessarily incurred," he fails to specifically address the Master's findings and recommendations (and calculations), including but not limited to those set forth in paragraphs 21-39 of the Master's Report, which support the Probate Court's award of reasonable fiduciary fees based on the statutory computation of fees in the amount of $45,135.00, rather than the $257,384.36 in trustee fees that Ted had already paid

3

himself.  We conclude that the Probate Court did not abuse its discretion in the reduction of Ted's trustee fees.

It appears to be uncontested that, as set forth in the Master's Report, the sale of the Trust property in Waimanalo[2] realized $667,130.94 in net sales proceeds to the Trust, and Ted made $654,713.92 in offsets, distributions to himself, and omnibus reservations to himself, ultimately resulting in a beneficiary distribution to Douglas in the amount of $6,208.51. Ted argues obliquely that he properly offset and reduced Douglas's distribution, and increased his own distribution, based on Ted's assessment that the Trust property should have generated $300,000 more in sales proceeds than it did and Ted's suspicion that Douglas "embezzled" $100,000 from one of Tsugio's checking accounts.

Regarding the latter issue, in his opening brief, Ted acknowledges that he did not object to the Master's findings that there was no suspicious activity in that account.  Accordingly, Ted's argument that the Probate Court erred in determining that he was not entitled to pay himself more because of this suspected embezzlement is without merit.

Ted's arguments regarding his other disallowed offsets are somewhat confusing.  Ted references an appraisal that pre-dated the sale of the Property, which estimated a higher fair market value for the Waimanalo property than the sales price.

---

[2]     The Waimanalo property was owned 50/50 by the Trust and a trust settled by Tsugio's late wife.

However, Ted fails to demonstrate that the Probate Court clearly erred in adopting the Master's recommended findings that, *inter alia*, Douglas was not responsible for any diminished value of the property and that the large offset against Douglas's distribution was without valid justification.

Upon full consideration of Ted's arguments in light of the Probate Court's adoption of the Master's findings, we conclude that the Probate Court did not err in its determination of the amounts due to Douglas, including from Ted.

(2)  Ted argues that the Probate Court did not properly explain, in its findings and conclusions, the basis for the court's decision to remove Ted as Trustee.[3]  However, the Probate Court determined that Ted breached his fiduciary duties as Trustee by, *inter alia*, unjustifiably overcompensating himself in fiduciary fees, failing to file Trust tax returns for five years in a row, leaving the Trust with outstanding tax liabilities, unnecessarily and excessively incurring attorneys' fees and costs, and unilaterally and wrongfully offsetting Douglas's distribution.  The Probate Court clearly (and specifically) found that these breaches rose to the level of misconduct warranting removal.  We conclude that the arguments in support of Ted's second point of error are without merit.

(3)  Ted asserts that the Probate Court erred by not holding an evidentiary hearing or transferring the case to the

---

[3]     The Master recommended that Ted be removed as Trustee if he fails to comply with any of the recommendations adopted by the Court.

civil trial calendar, in light of its contested nature. Ted appears to argue that the Probate Court erred and abused its discretion in repeatedly denying his requests to transfer the matter to the civil trial calendar, thereby retaining the matter on the regular probate calendar, because it denied him of his right to "independent discovery" and a trial. However, Ted does not identify what discovery was necessary, particularly in light of the Master's investigation and Ted's control over all documents and records regarding his trusteeship. It does not appear that Ted filed a request for discovery pursuant to Rule 20(d) of the Hawaiʻi Probate Rules. At the December 17, 2020 hearing on the Petition for Removal and Surcharge, the Probate Court considered the parties' declarations, including the exhibits submitted with Ted's declaration, as well as the Master's Report and the parties' arguments thereon. Live testimony was not presented; none was any offered by the parties or rejected by the Probate Court. In In re Trust Agreement Dated June 6, 1974, the Hawaiʻi Supreme Court observed that "[u]nder Hawaiʻi probate court rules, contested matters in probate do not clearly give rise to the right to discovery, and it is rare for the court to specifically address the issue." 145 Hawaiʻi 300, 310, 452 P.3d 297, 307 (2019) (citation and quotations omitted). Finally, we note that the matters concerning the fiduciary duties of trustees are squarely within the expertise of the Probate Court. We conclude that the Probate Court did not abuse its discretion in retaining the Petition for Removal and Surcharge on

the probate calendar; nor did the Probate Court err or abuse its discretion in the manner in which it considered the evidence and arguments presented by the parties, as well as the report and recommendations of the Master, in its findings and conclusions made in conjunction with the disposition of the Petition for Removal and Surcharge.

For these reasons, the Probate Court's March 8, 2021 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, November 13, 2024.

On the briefs:

Michael D. Rudy,
Sofia Hirosane McGuire,
for Respondent-Appellant.

Natasha R. Shaw,
Gale L.F. Ching,
for Petitioner-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge